**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| HALINA REID, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action Nos. 11-cv-02470-AW |
| | * | 11-cv-02471-DKC |
| | * | |
| PRINCE GEORGE'S COUNTY PUBLIC | * | |
| SCHOOLS, *et al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \*

**<u>Memorandum Opinion</u>**

Presently pending in this case is Defendant Association of Classified Employees/American Federation of State, County, and Municipal Employees, Local 2250, (AFL-CIO) (hereinafter the "Union")'s motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as Local Rule 105. Doc. No. 13. The Clerk of the Court mailed Plaintiff a Rule 12/56 Letter notifying Plaintiff of her right to respond to Defendant's motion, and Plaintiff has not filed a timely response. *See* Doc. No. 14. Thus, Defendant's motion is ripe for review. The Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010).

Additionally, the Court notes that it appears from the record that Plaintiff has not yet served Defendant Prince George's County Public Schools (hereinafter the "School Board") with process, and thus the Court will not address Plaintiff's claims against the School Board in this opinion or accompanying order. For the reasons described below, the Court will grant the Union's motion to dismiss.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

The following facts are adapted from the complaint and viewed in a light most favorable to Plaintiff. Plaintiff worked as a paraprofessional for the School Board from September 1991 until November 1, 2010. *See* Compl. ¶ 6. Plaintiff was a member of the Union during her employment. *Id.* ¶ 7.

Plaintiff suffers from a disability in which she is deaf in her left ear and has amplified hearing in her right ear. *Id.* ¶ 8. Plaintiff also suffers from the inability to project her voice over ambient noise. *Id.* This disability makes it impossible and painful for Plaintiff to understand language when she is spoken to in a large group, and also makes it impossible for Plaintiff to project her voice in order to instruct students, control their behavior and assure their safety under noisy conditions. *Id.* ¶ 9.

From the beginning of her employment until the 2007-2008 school year, the School Board accommodated Plaintiff's disability informally by providing Plaintiff with a closet or other small space where she was able to work with groups of students outside of a regular classroom. *Id.* ¶ 11. However, in 2000, Plaintiff was suspended from work for one week because she was unable to handle a very loud crowd of children walking out of the cafeteria. *Id.* ¶ 13. Plaintiff filed a complaint about her situation to the Union on two occasions but received no response. *Id.* ¶¶ 14-15.

Beginning in September 2007, new management took over at Ridgecrest Elementary where Plaintiff was working and deprived Plaintiff of her accommodations, assigning her to various duties involving huge ambient noise conditions. *Id.* ¶ 18. Plaintiff called her Union representative in the spring of 2008 to complain and submitted a complaint in writing on August

2

5, 2008. *Id.* ¶¶ 19-20. Despite her efforts to explain her situation to the Union, the Union took no action on Plaintiff's behalf. *Id.* ¶ 22.

In October 2009, Ridgecrest Elementary transferred Plaintiff to work at Beltsville Academy. *Id.* ¶ 28. Plaintiff received no accommodation at Beltsville and was suspended from work for 45 days based on a false accusation of child abuse. *Id.* ¶ 30. Although the Union was notified by the school administration about Plaintiff's suspension, it failed to communicate with Plaintiff during her suspension except by once sending a consultant to collect information from Plaintiff. *Id.* ¶ 32. One day before Plaintiff's scheduled meeting with the school administration, a field representative called Plaintiff and offered to attend the meeting. *Id.* ¶¶ 33-34. Plaintiff declined the offer because she understood that the representative did not intend to defend her. *Id.*

At the meeting with the school administration, Plaintiff was acquitted of the child abuse charges and again requested that she be provided with accommodation for her disability. *Id.* ¶ 36. Plaintiff contends that the Union was not there to defend her rights. *Id.* An accommodation was not provided even after Plaintiff submitted a new medical statement as requested by the school administration. *Id.* ¶ 37.

On April 26, 2010, Plaintiff filed two complaints with the Maryland Commission on Human Relations: one against the School Board and one against the Union. *Id.* ¶ 39. The Commission accepted the complaint against the school board but informed Plaintiff that it had no jurisdiction over the Union. *Id.* ¶ 40. In August 2010 the Commission conducted mediation between Plaintiff and the School Board, and the School Board agreed to provide Plaintiff with an accommodation. *Id.* ¶ 44. However, the accommodation granted was that Plaintiff be reassigned to work with autistic children. *Id.* ¶ 45. Plaintiff found this accommodation to be unsatisfactory

because it still required her to work under extremely harsh noise conditions. *Id.* ¶ 46. On November 1, 2010, Plaintiff was constructively discharged due to repeated refusal of the School Board to effectively accommodate her disability. *Id.* ¶ 47. Plaintiff attributes her discharge to a failure of the Union to act as a spokesperson on her behalf. *Id.*

On September 1, 2011, Plaintiff brought suit in this Court against the Union, alleging various claims related to breach of the Union's duty of fair representation under the National Labor Relations Act. Plaintiff also brought suit in a separate action against the School Board claiming it had violated Plaintiff's rights under the Americans with Disabilities Act ("ADA"). These related actions have been consolidated into the present action. *See* Doc. No. 10.

On October 20, 2011, the Union filed a motion to dismiss on the grounds that the provisions of the National Labor Relations Act ("NLRA") and the judicially created duty of fair representation under the NLRA do not apply to public employees like Plaintiff. The Union also argues that the duty of fair representation claim Plaintiff attempts to bring against the Union is untimely.

## II.   STANDARD OF REVIEW

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  First, a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In this situation, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*  Second, a party may

contend that the jurisdictional allegations in the complaint are not true. *Id.* In the latter situation, the Court may conduct an evidentiary hearing and consider matters beyond the allegations in the complaint. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In two recent cases, the U.S. Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases explain that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In addressing a motion to dismiss, a court should first determine which pleadings in the complaint are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In making this determination, a court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). A court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty.*

*Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

**III.     ANALYSIS**

At their core, Plaintiff's allegations against the Union all concern the Union's duty of fair representation. Plaintiff asserts three claims against the Union. In Claim I, Plaintiff contends that the Union violated Plaintiff's rights under the Fair Representation provision and the Unfair Labor Practice Provision of the NLRA. In Claim II, Plaintiff alleges that the Union violated the contract agreement that it had with the School Board; this claim also relates to breach of the Union's duty of fair representation. Finally, Claim III alleges that the Union refused to act in Plaintiff's defense when she was constructively discharged. This claim again implicates the Union's duty of fair representation.

"It is well established that unions, as exclusive bargaining agents in the negotiation, administration and enforcement of collective bargaining agreements, have an implicit duty 'to serve the interests of all members without hostility or discrimination toward any, to exercise [their] discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Thompson v. Aluminum Co. of America*, 276 F.3d 651, 657 (4th Cir. 2002) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)); *see also* 29 U.S.C. § 159(a). Thus, the NLRA has been

6

interpreted as imposing "a 'duty of fair representation' on labor unions, which a union breaches 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" *14 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 129 S.Ct. 1456, 1460 (2009) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)).

However, as this Court has previously found, the provisions of the NLRA and the judicially created duty of fair representation under the NLRA do not apply to employees like Plaintiff who were employed by public employers such as the School Board. *See Snead v. Bd. of Educ. of Prince George's Cnty.*, No. DKC 11-0503, 2011 WL 3885811 at *4-*5 (D. Md. Sept. 2, 2011) ("employees of a school district are not 'employees' who can sue their unions under the NLRA for a breach of the duty of fair representation.") (citations and quotations omitted).

As this Court found in *Snead*, the statutory language of the NLRA makes clear that public employers are not covered. *See id.* at *4; *see also* 29 U.S.C. § 152(2) ("[t]he term 'employer' … shall not include … any State or political subdivision thereof"); *Police Dep't of the City of Chicago v. Mosley*, 408 U.S. 92, 102 n.9 ("the National Labor Relations Act specifically exempts States and subdivisions (and therefore cities and their public school boards) from the definition of 'employer' within the Act"); *Teledyne Econ. Dev. v. N.L.R.B.*, 108 F.3d 56, 59 (4th Cir. 1997) (same). Accordingly, Plaintiff has failed to state a viable federal claim against the Union and dismissal under Federal Rules 12(b)(6) and 12(b)(1) is appropriate.

Because in Count II of her complaint Plaintiff arguably states a state law cause of action against the Union for breach of the duty of fair representation, the Court must consider whether to remand this claim to the Circuit Court for Prince George's County pursuant to 28 U.S.C. §

1441(c). In the interest of judicial expediency and to avoid unnecessary delay and expense, the Court will resolve this clear-cut issue below.

The Court finds that the statute of limitations has expired for any state-law claims relating to the Union's duty of fair representation. This Court has previously found that such claims are subject to a 90-day limitations period. *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, No. JFM-11-1052, 2011 WL 2783860 at *3 (D. Md. Jul. 14, 2011) ("The most analogous limitations period for the bringing of claims for the breach of a duty of fair representation under Maryland law is the ninety day period established by the regulations of the State Labor Relations Board."); *see also* Md. Code Regs. 14.32.05.01. In her complaint, Plaintiff alleges that she was constructively discharged on November 1, 2010, but she did not commence this action against the Union until September 1, 2011. Thus, Plaintiff's claim is untimely under either the 90-day limitations period previously determined by this Court, or the six-month limitations period applicable to fair representation claims under federal law. *See* 29 U.S.C. § 160; *see also DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 169-70 (1983).

## IV.   CONCLUSION

For the foregoing reasons, the Union's motion to dismiss is granted. A separate order will follow.

November 9, 2011                        /s/
    Date                                           Alexander Williams, Jr.
                                                    United States District Judge